UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANK BARNHILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:15-cv-1960-JMS-MJD |
| CAROLYN W. COLVIN, *Acting Commissioner of the Social Security Administration*, | ) |
| | ) |
| | ) |
| Defendant. | ) |

### ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Frank Barnhill applied for disability insurance benefits in December 2012, alleging a disability onset date of March 30, 2012. [Filing No. 13-5 at 2-8.] His application was denied initially and he requested a hearing with an Administrative Law Judge ("ALJ"). [Filing No. 13-2 at 9-10; Filing No. 13-4 at 2-5.] ALJ Joan Ho held a hearing on April 15, 2014 and issued a decision on May 2, 2014, concluding that Mr. Barnhill was not entitled to receive benefits. [Filing No. 13-2 at 14-25; Filing No. 13-2 at 32-69.] The Appeals Council denied Mr. Barnhill's request for review on October 9, 2015, making the Commissioner's decision final and subject to judicial review. [Filing No. 13-2 at 2-5.] Mr. Barnhill then filed this action under 42 U.S.C. Section 405(g) asking the Court to review the denial of benefits. [Filing No. 1 at 1.]

### I.
### STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second, it requires

1

an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last…not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *See Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) [W]hether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

2

After Step Three, but before Step Four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## II.
## RELEVANT BACKGROUND[1]

Mr. Barnhill was forty-two years old when he applied for disability benefits in December 2012. [Filing No. 13-5 at 2.] Mr. Barnhill attended high school through tenth grade and has previously worked as a plumber and service technician. [Filing No. 13-6 at 102-106.] He claims that he became disabled on March 30, 2012. [Filing No. 13-5 at 2.] Mr. Barnhill met the insured

---

[1] Both parties provided a detailed description of Mr. Barnhill's medical history and treatment in their briefs. [Filing No. 15; Filing No. 20.] Because that discussion implicates sensitive and otherwise confidential medical information concerning Mr. Barnhill, the Court will simply incorporate those facts by reference herein and only detail specific facts as necessary to address the parties' arguments.

3

status requirements of the Social Security Act through September 30, 2015. [Filing No. 13-2 at 14.]

Using the five-step sequential evaluation set forth by the Social Security Administration in 20 C.F.R. Section 404.1520(a)(4), the ALJ issued an opinion on May 2, 2014 determining that Mr. Barnhill is not disabled. [Filing No. 13-2 at 11-25.] The ALJ found as follows:

- At Step One of the analysis, the ALJ found that Mr. Barnhill had not engaged in substantial gainful activity[2] since the alleged onset date. [Filing No. 13-2 at 16.]

- At Step Two of the analysis, the ALJ found that Mr. Barnhill suffered from the severe impairments of degenerative disc disease of the thoracic and lumbar spine, obstructive sleep apnea, obesity, and major depressive disorder. [Filing No. 13-2 at 17-18.]

- At Step Three of the analysis, the ALJ found that Mr. Barnhill did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. [Filing No. 13-2 at 18-20.]

- After Step Three but before Step Four, the ALJ found that Mr. Barnhill had the residual functional capacity ("RFC") to:

    > [P]erform light work . . . except that the claimant is able to lift and carry twenty pounds occasionally and ten pounds frequently. He can stand and walk approximately six hours of an eight-hour workday and sit approximately six hours of an eight-hour workday. The claimant can occasionally climb stairs and ramps but never ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, and crouch but never crawl. The claimant can perform frequent rotation, flexion, and extension of the neck. He can

---

[2] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a); 20 C.F.R. § 416.972(a).

4

> occasionally perform overhead reaching with the bilateral upper extremities. The claimant can perform frequent feeling with the right (dominant) upper extremity. He must avoid concentrated exposure to excessive vibration and workplace hazards such as dangerous moving machinery and unprotected heights. The claimant is limited to performing simple, routine, and repetitive tasks. He is able to sustain attention and concentration sufficient to carry out work-like tasks with reasonable pace and persistence. He is restricted to work involving brief, superficial interactions with co-workers, supervisors, and the general public.

[Filing No. 13-2 at 20-23.]

- At Step Four of the analysis, the ALJ found that Mr. Barnhill is unable to perform any past relevant work. [Filing No. 13-2 at 23-24.]

- At Step Five of the analysis, the ALJ found that there are a significant number of jobs in the national economy that Mr. Barnhill can perform, including mail clerk, inspector, and food prep worker. [Filing No. 13-2 at 24-25.]

Mr. Barnhill sought review of the ALJ's decision from the Appeals Council, but that request was denied on October 9, 2015, [Filing No. 13-2 at 2-5], making the ALJ's decision the Commissioner's final decision subject to judicial review. Mr. Barnhill then filed this action, asking that the Commissioner's decision be reversed and requesting an award of benefits, or in the alternative, that the case be remanded for further proceedings. [Filing No. 1 at 1-3.]

### III.
### DISCUSSION

Mr. Barnhill sets forth five arguments in support of his appeal: (1) that the ALJ erred by failing to properly consider Mr. Barnhill's limitations in considering the B criteria in Listing 12.04, [Filing No. 15 at 16-23]; (2) that the preceding error resulted in a flawed RFC determination,[3]

---

[3] Mr. Barnhill presented the issues related to consideration of the B criteria and the resulting RFC as one, single issue. The Court views them as two separate issues, and will consider them in that manner.

5

[Filing No. 15 at 16-23]; (3) that the ALJ erred in assigning weight to the various medical opinions, [Filing No. 15 at 23-30]; (4) that the ALJ's credibility determination is not supported, [Filing No. 15 at 30-32]; and (5) that the Appeals Council failed to associate evidence that Mr. Barnhill submitted and that it rejected into the certified administrative record, [Filing No. 15 at 32-33]. The Court considers each issue in turn.

**A. Step Three Challenge**

Mr. Barnhill argues that the ALJ, while making the Step Three determination of his mental impairments, failed to properly consider his limitations in social functioning and in maintaining concentration, persistence, or pace. [Filing No. 15 at 16.] Mr. Barnhill contends that "meaningful consideration of the evidence shows that [he] has at least marked limitations in both of these areas, and thus, the ALJ's findings of moderate are not supported." [Filing No. 15 at 16 (emphasis in original).]

The Commissioner responds that the ALJ's Step Three determination was supported by substantial evidence and that Mr. Barnhill's argument amounts to an impermissible reweighing of the evidence. [Filing No. 20 at 14-15.]

On reply, Mr. Barnhill contends that the ALJ's conclusions are not supported by the totality of the evidence. [Filing No. 23 at 2-6.]

The ALJ stated that, in order for Mr. Barnhill's mental impairments, alone or in combination, to meet or medically equal the criteria of Listings 12.04 and 12.06, they must result in at least two of the following: "marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration." [Filing No. 13-2 at 19.] These four categories are known as the "B criteria." The ALJ found that Mr. Barnhill has

mild restrictions in his activities of daily living; moderate difficulties in social functioning; moderate difficulties with regard to concentration, persistence, or pace; and has not experienced any episodes of decompensation which have been of extended duration. [Filing No. 13-2 at 19.] Accordingly, the ALJ concluded that Mr. Barnhill did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [Filing No. 13-2 at 18.] Mr. Barnhill focuses on social functioning and maintaining concentration, persistence, or pace, and the Court will address each.

### 1. *Social Functioning*

The ALJ found that Mr. Barnhill has moderate difficulties in social functioning because "[h]e denied any difficulty getting along with family, friends, neighbors, and authority figures," and "has never been terminated from employment due to adverse social interaction in the workplace," but "he has endorsed increased irritability and anger secondary to depression." [Filing No. 13-2 at 19.]

Mr. Barnhill argues that the ALJ was factually incorrect because he testified that he has gone through rough patches with his family, including attacking his son, and has anger issues.

The Commissioner responds that Mr. Barnhill's wife reported that he had no difficulty getting along with family and friends, and that his treating therapist and psychiatrist described him as cooperative and having normal behavior. [Filing No. 20 at 15.] The Commissioner contends that the ALJ properly accounted for difficulties in social functioning by limiting Mr. Barnhill's interactions in the work place as part of his RFC. [Filing No. 20 at 16.]

On reply, Mr. Barnhill argues that the Commissioner cherry-picked evidence to support her conclusion. [Filing No. 23 at 3.]

It is well-established that the ALJ is responsible for building "an accurate and logical" bridge to connect the evidence to the conclusion. *See Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009). The ALJ has failed to do so here. The record indicates that Mr. Barnhill stated that he goes through rough patches with his family, attacked his son in front of his family, and has anger issues and snaps for no reason. [Filing No. 13-2 at 56-57.] The ALJ built a bridge based upon information that is inaccurate and inconsistent with the record; therefore, her conclusion of moderate limitations in social functioning is not supported. However, Mr. Barnhill must establish marked difficulties with at least two of the four B criteria. Accordingly, the Court will consider whether the ALJ erred when she found that Mr. Barnhill only had moderate difficulties in concentration, persistence, or pace.

### 2. *Concentration, Persistence, or Pace*

Regarding concentration, persistence, or pace, the ALJ found that Mr. Barnhill had moderate difficulties, noting that he was fully oriented during mental status testing performed by Dr. Alfred Barrow, he successfully performed math problems, and the examiner gave him a global assessment of functioning ("GAF") score of 57, which is consistent with moderate psychological symptoms. [Filing No. 13-2 at 19.] The ALJ limited Mr. Barnhill to simple, routine, and repetitive tasks, and noted that Mr. Barnhill's recreational activities (including watching television and playing video games) illustrated that he could maintain attention and concentration. [Filing No. 13-2 at 21.].

Mr. Barnhill argues that the ALJ erred by relying solely on Dr. Barrow's examination and that the ALJ would have likely found marked limitations in concentration, persistence, or pace had she considered all of the evidence. [Filing No. 15 at 20-22.] Specifically, Mr. Barnhill argues that the ALJ "never considered findings from Dr. Miller or Mr. Charles Warfield, Plaintiffs' treating

psychiatrist and licensed clinical social worker." [Filing No. 15 at 20.] Finally, Mr. Barnhill argues that on several occasions he was assigned a GAF score of 50-52, indicating that he had both moderate and serious impairment. [Filing No. 15 at 21.]

In response, the Commissioner argues that the ALJ's determination was supported by substantial evidence and was not solely based on the consultative examination by Dr. Barrow. [Filing No. 20 at 16-17.] Specifically, the Commissioner contends that the ALJ considered the testimony of Mr. Barnhill and his wife, and the treatment notes from Dr. Miller and Mr. Warfield. [Filing No. 20 at 17.] The Commissioner contends that when the ALJ's decision is read in its entirety, the decision demonstrates that the ALJ considered all of the evidence and her conclusion was supported by that evidence. [Filing No. 20 at 17-18.]

On reply, Mr. Barnhill asserts that the ALJ failed to consider certain evidence, resulting in an incorrect determination regarding the level of his impairment with concentration, persistence, or pace.

The Seventh Circuit has established that the ALJ's decision should be read as a whole, and that the ALJ need not reiterate the same information in multiple parts of the decision. *See Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("[I]t is proper to read the ALJ's decision as a whole, and…it would be a needless formality to have the ALJ repeat substantially similar factual analyses at [multiple] steps"). Further, the ALJ is only required to "minimally articulate [her] reasoning." *See Filus v. Astrue*, 694 F.3d 863, 869 (7th Cir. 2012) (internal quotation omitted).

Consistent with *Rice*, the Court considers the ALJ's opinion as a whole, and finds that the ALJ did consider the third-party function report submitted by Mr. Barnhill's wife, Mr. Barnhill's testimony, and Dr. Miller's and Mr. Warfield's medical notes (which she referred to multiple times throughout the decision). [Filing No. 13-2 at 19-23.] Mr. Barnhill relies on the records of Dr.

9

Miller and Mr. Warfield, but they mainly deal with issues related to social functioning. [*See, e.g.*, Filing No. 13-8 at 74 (Mr. Warfield noting that Mr. Barnhill was having trouble controlling his anger).] Because the ALJ's determination was supported by the evidence and she articulated her rationale, the Court will not reweigh her determination.

In sum, while the ALJ erred when considering Mr. Barnhill's difficulties with social functioning, she sufficiently explained her determination that Mr. Barnhill has moderate difficulties with concentration, persistence, or pace. Accordingly, remand is not warranted because Mr. Barnhill has not established that he has marked limitations in at least two of the four Criteria B categories, as he must to meet Listing 12.04.

### B. RFC Limitations

Mr. Barnhill argues that because the ALJ's B criteria analysis is flawed, her corresponding RFC limitations are also flawed. [Filing No. 15 at 22-23.] Mr. Barnhill contends that the RFC limitations fail to identify the length of time that he can sustain concentration, persistence, or pace in order to perform simple, routine, and repetitive tasks. [Filing No. 15 at 22-23.] Finally, Mr. Barnhill argues that the RFC limitations do not properly account for his depressive symptoms. [Filing No. 15 at 22.]

The Commissioner responds that the ALJ accounted for Mr. Barnhill's moderate limitations in social functioning by limiting him to brief, superficial interactions with co-workers, supervisors, and the public, and accounted for his moderate limitations in concentration, persistence, or pace by limiting him to simple, routine tasks. [Filing No. 20 at 17-18.]

On reply, Mr. Barnhill reiterates his arguments, and requests that the Court remand the case for a proper determination of Mr. Barnhill's ability to maintain concentration, persistence, or pace. [Filing No. 23 at 6-7.]

The Court notes at the outset that although it has found that the ALJ's Step 3 determination regarding social functioning was not supported by the evidence, Mr. Barnhill has failed to develop a cogent argument explaining how the ALJ's Step 3 social functioning determination resulted in the ALJ's RFC determination being flawed. Instead, Mr. Barnhill focuses only on the RFC determination as it relates to his difficulties with concentration, persistence, or pace. [*See* Filing No. 23 at 7 (asking for remand only for "a proper determination of Plaintiff's ability to maintain concentration, persistence, or pace" and not mentioning social functioning).] Accordingly, the Court will only consider the RFC as it relates to concentration, persistence, or pace.

The ALJ's RFC determination and the resulting hypothetical must properly account for a claimant's moderate deficiencies of concentration, persistence, or pace. *See, e.g.*, *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) ("[L]imiting a hypothetical to simple, repetitive work does not necessarily address deficiencies of concentration, persistence and pace"); *see also Stewart v. Astrue*, 561 F.3d 379, 684-85 (7th Cir. 2009) (same principle).

Because the Court has found that the ALJ did not err in determining that Mr. Barnhill has moderate difficulties in concentration, persistence, or pace, his argument that the RFC determination is flawed because the ALJ should have found marked difficulties in concentration, persistence, or pace is unavailing. However, the Court will continue its analysis to determine if the ALJ's RFC determination properly accounted for Mr. Barnhill's moderate difficulties in concentration, persistence, or pace, as required by *O'Connor-Spinner*.

The Court finds that the ALJ's RFC determination does not properly account for Mr. Barnhill's moderate difficulties in concentration, persistence, or pace. While the ALJ did include the limitation of simple, routine, and repetitive tasks in her hypothetical questions to the vocational expert and in the RFC itself, she did not expand on the limitation other than to state in the RFC

that Mr. Barnhill "is able to sustain attention and concentration sufficient to carry out work-like tasks with reasonable pace and persistence." [Filing No. 13-2 at 20.] This further statement is not a limitation at all, and does not provide any detail regarding how long Mr. Barnhill can sustain attention and concentration. Further, limiting Mr. Barnhill to brief and superficial interactions with others is not adequate. This restriction relates to Mr. Barnhill's deficiencies in social functioning, and not to his deficiencies in concentration, persistence, or pace.

This case must be remanded so that the ALJ can adequately account for Mr. Barnhill's moderate limitations in concentration, persistence, or pace in the RFC and, consequently, in questions to the vocational expert at a hearing. *O'Connor-Spinner*, 627 F.3d at 620; *Stewart*, 561 F.3d at 685. Given the Court's finding that the ALJ did not adequately support her conclusion that Mr. Barnhill only had moderate limitations in social functioning, on remand the ALJ must re-evaluate that conclusion and, if necessary, incorporate any changes to that conclusions into the RFC and into hypothetical questions to the vocational expert.

### C. Additional Issues

As discussed above, the Court has found that remand is necessary so that the ALJ can properly consider and determine Mr. Barnhill's RFC. In the interest of thoroughness, the Court will briefly discuss the other arguments raised by Mr. Barnhill.

First, Mr. Barnhill argues that the ALJ failed to assign appropriate weight to various medical opinions. [Filing No. 15 at 24.] Specifically, Mr. Barnhill contends that the ALJ erred by assigning significant weight to Dr. Sands and Dr. Wenzler, substantial weight to Dr. Langhorst, and little weight to Dr. Miller and, as a result, the ALJ's RFC determination is not supported. [Filing No. 15 at 24.] While a treating physician's opinion is entitled to controlling weight in most circumstance, "once well-supported contradicting evidence is introduced, the treating physician's

evidence is no longer entitled to controlling weight." *Hofslien v. Barnhart*, 439 F.3d 375, 376 (7th Cir. 2006). When the treating source's opinion is not accorded controlling weight, the ALJ considers a number of factors when assigning weight to any medical opinion (including the treating source's opinion), such as the length and nature of the relationship, frequency of examination, and specializations. *See* 20 C.F.R. § 404.1527(c)(2). "An ALJ must only 'minimally articulate his or her justification for rejecting or accepting specific evidence of a disability.'" *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008) (citing *Rice*, 384 F.3d at 371). The Court notes that the ALJ explained her rationale for giving certain weight to the opinions of Drs. Sands, Wenzler, Langhorst, and Miller. But because the ALJ will be re-evaluating Mr. Barnhill's RFC on remand, the ALJ should also ensure that she adequately explains the weight she gives to each medical opinion in light of her reconsideration of the RFC.

Second, Mr. Barnhill argues that the ALJ's credibility determination—finding Mr. Barnhill not entirely credible—is "patently wrong" because the ALJ relied only on the objective medical evidence and Mr. Barnhill's daily activities. [Filing No. 15 at 30-31.] A credibility determination by the ALJ is given "considerable deference." *Prochaska v. Barnhart*, 454 F.3d 731, 728 (7th Cir. 2006). The ALJ's credibility determination will be reversed only if she fails to base the determination on grounds that are reasonable or supported by the evidence of record. *See Sims v. Barnhart*, 442 F.3d 536, 538 (7th Cir. 2006). After reviewing the evidence and the ALJ's opinion, the Court concludes that the ALJ provided substantial support for her adverse credibility determination. The ALJ discussed Mr. Barnhill's medical history and treatment and provided a detailed analysis regarding the inconsistencies between his self-reported symptoms, objective medical evidence, and his reported activities. [Filing No. 13-2 at 22-23.] Ultimately, the ALJ found Mr. Barnhill not entirely credible because evidence in the record contradicted his claimed

13

limitations. [Filing No. 13-2 at 22.] Specifically, the ALJ noted that the clinical reports do not reflect any considerable functional abnormalities, the diagnostic studies do not show any significant degenerative disease in the spine, and the progress notes regarding psychological function show a normal clinical presentation. [Filing No. 13-2 at 22.] While the ALJ should reconsider these findings on remand, it appears that she built a logical bridge supporting the adverse credibility finding by sufficiently explaining why she found Mr. Barnhill to be "not entirely credible."

Finally, Mr. Barnhill argues that the Appeals Council erred by not exhibiting or associating with his file the additional medical records that he submitted to the Appeals Council and it rejected. The Appeals Council will consider any "evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision." 20 CFR § 404.976, 20 C.F.R. § 416.1476. If any of the additional evidence does not relate to the period on or before the date of the ALJ's decision, the claimant will receive an explanation as to why the Appeals Council did not accept the additional evidence. *See* HALLEX I-3-5-20(A). Further, the evidence will not be exhibited, but will be "associate[d]…in the appropriate section of the file, placing all medical evidence in the F section," so that it "will be included in the certified administrative record if the case is appealed to Federal court." *Id.* The Seventh Circuit has established that when the newly submitted evidence is found by the Appeals Council to be non-qualifying, the district court can retain jurisdiction to "review the 'limited question' of whether the Council had erroneously concluded that the newly submitted evidence was not new and material." *Stepp v. Colvin*, 795 F.3d 711, 722-23 (7th Cir. 2015) (citing *Farrel v. Astrue*, 692 F.3d 767, 770 (7th Cir. 2012)). The Appeals Council should have associated the medical records that it rejected with Mr. Barnhill's file, so that this Court could have reviewed them to determine whether the Appeals Council's

14

conclusion that they related to a time period after the ALJ's decision was correct.  On remand, the Court orders the Commissioner to make part of the certified administrative record the medical records Mr. Barnhill submitted to the Appeals Council and the Appeals Council rejected.

## IV.
### CONCLUSION

For the reasons discussed, the Court **VACATES** the ALJ's decision denying Mr. Barnhill benefits and **REMANDS** this matter for further proceedings under 42 U.S.C. Section 405(g).  The Court also **ORDERS** the Commissioner to make part of the certified administrative record the medical records Mr. Barnhill submitted to the Appeals Council and the Appeals Council rejected.  Final judgment will issue accordingly.

Date: 11/14/2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**